Kenneth GRAHAM, Plaintiff–Appellant,

v.

E–J ELECTRIC INSTALLATION COMPANY and Radio Television Broadcast Engineers Local 1212 International Brotherhood of Electrical Workers, AFL–CIO, Defendant–Appellees.

No. 03–9262.

United States Court of Appeals, Second Circuit.

Oct. 6, 2004.

Daryll Boyd Jones, Laurelton, NY, for Plaintiff–Appellant.

Colin Page, Proskauer Rose LLP, Newark, NJ, for Defendant–Appellee E–J Electric Installation Company.

Richard Markowitz, Philadelphia, PA, for Defendant–Appellee Radio Television Broadcast Engineers Local 1212.

Present: McLAUGHLIN, POOLER, and WESLEY, Circuit Judges.

SUMMARY ORDER

Plaintiff–Appellant Kenneth Graham appeals from a summary judgment order of the district court dismissing his race and age discrimination claims as well as his claims against his employer and union for violations of the collective bargaining agreement. We assume the parties' familiarity with the underlying facts, procedural history and specification of appellate issues and hold as follows.

This court reviews the district court's decision to grant summary judgment *de novo*. *James v. New York Racing Ass'n*, 233 F.3d 149, 152 (2d Cir.2000). In making our determination we must resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Graham, a 56–year–old African–American male, claims that his employer discriminated against him based on age and race by demoting him and replacing him with a younger white woman. The court's review of both of Graham's discrimination claims follows the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973);

*James*, 233 F.3d at 153 (applying *McDonnell Douglas* to age discrimination claim). Upon reviewing the record, we agree with the district court that: (1) Graham established a prima facie case of discrimination, shifting the burden to the employer; (2) the employer satisfactorily presented a nondiscriminatory reason for its employment action, shifting the burden to Graham; and (3) Graham subsequently did not carry his burden of presenting evidence from which the fact finder could reasonably find that the employer's reasons were a pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir.2004). Thus, Graham failed to carry this burden by a preponderance of the evidence and summary judgment dismissing these claims was appropriate. *See Burdine*, 450 U.S. at 253, 101 S.Ct. 1089.

Graham's collective bargaining related claims against the union and the employer are based on his assertion that the union breached its duty of fair representation when it declined to bring his grievance to arbitration. If a union breaches its duty of fair representation, an employee can also bring suit against his employer. *See Vaca v. Sipes*, 386 U.S. 171, 186–87, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). To breach its duty of fair representation, a union's actions must be "arbitrary, discriminatory or in bad faith," and seriously undermine the arbitral process. *Barr v. United Parcel Serv. Inc.*, 868 F.2d 36, 43 (2d Cir.1989) (citations omitted). Upon reviewing the record, we agree with the district court's conclusion that it was reasonable for the union to determine that the collective bargaining agreement allowed the employer to make merit-based demotions and did not mandate that all grievances needed to be arbitrated. Because we agree that the

194

union did not violate its duty of fair representation, Graham's claims against the union and the employer are properly dismissed.

We therefore affirm the judgment of the district court.